**Michael S. Golner, Esq. (ID No. 390022021)**
**The Haddad Law Firm, P.C.**
100 W. Pond Road
Hopelawn, NJ 08861
732-933-3535 Fax: 732-933-3536
Attorney for Plaintiff, Karim Kharbouch a/k/a French Montana

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

KARIM KHARBOUCH,

Plaintiff,

v.

TRILLER GROUP INC.,
BOBBY SARNAVESHT, individually,
and JOHN DOES 1–10, JANE DOES 1–10, ABC
CORPORATIONS 1-10, and XYZ COMPANIES
1-10 (said names being fictitious)
Defendants.

Case No.: [To be Assigned]

Plaintiff, complaining of the Defendants, alleges and says:

PARTIES

1. Plaintiff Karim Kharbouch, also known as French Montana, is a resident of New York, New York.
2. Defendant Triller Group Inc. is a Delaware corporation with principal offices at 2121 Avenue of the Stars, Suite 2350, Los Angeles, California 90067.
3. Defendant Bobby Sarnavesht is the former Chief Executive Officer of Triller and is sued in his individual capacity for fraudulent misrepresentations.
4. Defendants DOES 1–10 are individuals whose true names and capacities are presently unknown.
5. Defendants JANE DOES 1–10 are individuals whose true names and capacities are presently unknown.
6. Defendants ABC CORPORATIONS 1–10 are entities whose true names and capacities are presently unknown.
7. Defendants XYZ COMPANIES 1–10 are entities whose true names and capacities are presently unknown.

JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 USCS § 1331, because this action arises under federal securities laws, including SEC Rule 144 and the Securities Exchange Act of 1934, 15 USCS § 78a. This Court also has jurisdiction pursuant to 28 USCS § 1332, as there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.

9. This Court has personal jurisdiction over Triller Group Inc. because it conducts substantial business in this District and directed its contractual activities toward a New York resident.

10. This Court has personal jurisdiction over Bobby Sarnavesht because he directed fraudulent misrepresentations to a New York resident and conducted business in New York through Triller.

11. This Court has personal jurisdiction over DOES 1-10, JANE DOES 1-10, ABC CORPORATIONS 1-10, and XYZ COMPANIES 1-10 [STATE THE BASIS FOR PERSONAL JURISDICTION].

12. Venue is proper in this Court pursuant to 28 USCS § 1391, because Plaintiff resides in this District, many of the wrongful acts were directed to Plaintiff in New York, and Defendants conduct substantial business in this District.

STATEMENT OF FACTS

13. On or about October 6, 2023, Plaintiff entered into a written contract with Defendant Sarnavesht and Triller, whereby Plaintiff agreed to perform at an event on October 7, 2023.

14. In exchange, Plaintiff was promised $250,000 in Triller stock, contingent upon Triller completing an Initial Public Offering ("IPO") within 90 days.

15. The agreement further provided that if the IPO did not occur within 90 days, Plaintiff would receive the cash equivalent of $250,000.

16. Plaintiff performed at the event on October 7, 2023, as required under the contract.

17. Triller failed to conduct an IPO within the 90-day period, which expired on January 5, 2024.

18. Despite the clear terms of the agreement, Triller has refused to pay Plaintiff the $250,000 owed.

19. Between 2022 and 2024, Defendants repeatedly represented to Plaintiff that Triller would imminently go public.

20. On October 14, 2024, Defendant Sarnavesht stated in writing that Plaintiff's shares would be registered "within weeks."

21. As of the filing of this Complaint, registration has not occurred.

22. On April 14, 2025, Triller admitted via email that it was not current in its SEC filings, preventing removal of the restrictive legend on Plaintiff's shares under SEC Rule 144.

23. As a result, Plaintiff has been barred from reselling or transferring his stock, rendering his equity consideration illiquid and valueless.

24. Defendants also induced Plaintiff to provide uncompensated promotional work, performances, and marketing services, exploiting Plaintiff's reputation and celebrity without fair compensation.

CLAIMS FOR RELIEF

Count I - Breach of Contract
(against defendants Triller Group Inc. and Bobby Sarnavesht)

25. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 24 as if fully set forth herein.
26. Plaintiff and Defendants entered into a valid and enforceable contract.
27. On October 6, 2023, Plaintiff entered into a written agreement with Defendants whereby Plaintiff would perform at an event on October 7, 2023, in exchange for $250,000 in Triller stock contingent upon an IPO within 90 days, or $250,000 in cash if the IPO did not occur.
28. Plaintiff performed all obligations required of him under the contract.
29. Plaintiff performed at the event on October 7, 2023, as required under the contract.
30. Defendants breached the contract.
31. Triller failed to conduct an IPO within the 90-day period and has refused to pay Plaintiff the $250,000 cash obligation as required under the contract.
32. Plaintiff suffered damages as a result of Defendants' breach.
33. As a direct and proximate result of Defendants' breach, Plaintiff has suffered damages of at least $250,000, plus consequential damages.

Count II - Fraudulent Misrepresentation
(against defendants Triller Group Inc. and Bobby Sarnavesht)

34. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 33 as if fully set forth herein.
35. Defendants made false representations of material fact to Plaintiff.
36. Between 2022 and 2024, Defendants repeatedly represented to Plaintiff that Triller would imminently go public. On October 14, 2024, Defendant Sarnavesht specifically stated in writing that Plaintiff's shares would be registered "within weeks."
37. Defendants knew these representations were false when made.
38. At the time these representations were made, Defendants knew or should have known that Triller was not current in its SEC filings and that registration of shares was not imminent as represented.
39. Defendants made these false representations with the intent to induce Plaintiff's reliance.
40. Defendants made these false statements to induce Plaintiff to continue providing services and to forbear enforcement of his contractual rights.
41. Plaintiff reasonably relied on Defendants' misrepresentations.
42. Based on Defendants' representations about the imminent IPO and registration of shares, Plaintiff continued to provide promotional services and refrained from pursuing legal remedies to enforce his contractual rights.
43. Plaintiff suffered damages as a result of his reliance on Defendants' misrepresentations.
44. As a direct and proximate result of Plaintiff's reliance on Defendants' misrepresentations, Plaintiff has suffered damages including loss of liquidity in his shares, opportunity costs, and the value of uncompensated services provided.

Count III - Violation of Federal Securities Laws
(against defendants Triller Group Inc. and Bobby Sarnavesht)

45. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 44 as if fully set forth herein.
46. Defendants violated federal securities laws.
47. Under SEC Rule 144, resale of restricted securities requires the issuer to be current in its public information filings with the SEC.
48. Defendants violated these requirements by failing to maintain current SEC filings while issuing restricted securities to Plaintiff.
49. Defendants' violations impaired Plaintiff's ability to sell or transfer his stock.
50. On April 14, 2025, Triller admitted via email that it was not current in its SEC filings, thereby preventing removal of the restrictive legend on Plaintiff's shares and unlawfully impairing his ability to sell or transfer his stock.
51. Plaintiff suffered damages as a result of Defendants' securities law violations.
52. As a direct and proximate result of Defendants' violations, Plaintiff has been unable to liquidate his shares, rendering his equity consideration valueless and causing financial harm.

Count IV - Unjust Enrichment
(against defendants Triller Group Inc. and Bobby Sarnavesht)

53. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 52 as if fully set forth herein.
54. Defendants were enriched at Plaintiff's expense.
55. Defendants accepted and retained the benefit of Plaintiff's promotional work, performances, and marketing services without providing the agreed-upon compensation.
56. Defendants' retention of these benefits without compensation to Plaintiff is unjust.
57. Equity and good conscience require that Defendants compensate Plaintiff for the reasonable value of the services provided.
58. [INSERT ADDITIONAL FACTUAL ALLEGATIONS REGARDING THE SPECIFIC PROMOTIONAL WORK, PERFORMANCES, AND MARKETING SERVICES PROVIDED BY PLAINTIFF WITHOUT COMPENSATION, INCLUDING DATES, LOCATIONS, AND APPROXIMATE VALUE OF THESE SERVICES]

Count V - Violation of NY CLS Gen Bus § 349
(against defendants Triller Group Inc. and Bobby Sarnavesht)

59. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 58 as if fully set forth herein.
60. Defendants engaged in deceptive acts and practices in the conduct of business.
61. Defendants engaged in deceptive acts and practices by misrepresenting the timing and occurrence of Triller's IPO and registration of shares, concealing the company's failure to remain current in SEC filings, and exploiting Plaintiff's reliance on those misrepresentations to induce uncompensated services.
62. Defendants' deceptive acts and practices were consumer-oriented.
63. Defendants' practices affected not only Plaintiff but also other investors, performers, and market participants who rely on accurate disclosures and compliance with securities law.
64. Defendants' acts and practices were materially misleading.

65. Defendants' misrepresentations about the IPO timeline, registration of shares, and SEC compliance status were likely to mislead a reasonable consumer acting reasonably under the circumstances.
66. Plaintiff suffered injury as a result of Defendants' deceptive acts and practices.
67. As a direct and proximate result of Defendants' deceptive acts and practices, Plaintiff has suffered actual damages, including the loss of $250,000, the inability to trade his shares, and uncompensated promotional labor.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants as follows:

1. Compensatory damages against all Defendants in the amount of at least $250,000 for breach of contract;
2. Damages against all Defendants for lost value of restricted stock, to be determined at trial;
3. Restitution against all Defendants for uncompensated services, to be determined at trial;
4. Equitable relief against Defendant Triller Group Inc. compelling it to cure its SEC filing deficiencies;
5. Treble damages, statutory damages, and attorneys' fees against all Defendants pursuant to NY CLS Gen Bus § 349;
6. Punitive damages against all Defendants for fraudulent misrepresentation, to be determined at trial;
7. Costs, expenses, and reasonable attorneys' fees;
8. Pre-judgment and post-judgment interest as allowed by law; and
9. Such other relief as the Court deems just and proper.

JURY DEMAND


Plaintiff demands trial by jury on all issues so triable.



Respectfully submitted,

_____
Michael S. Golner, Esq.
The Haddad Law Firm
11 Broadway, Suite 440
New York, NY 10038